[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
On February 13, 2002, the plaintiff, Connecticut Carpenters Benefit Funds, filed a one-count revised complaint against the defendant, Burkhard Hotel Partners II, LLC, seeking strict foreclosure of a mechanic's lien to secure contribution payments to its employee benefits fund. The court notes that this is the second revised complaint filed by the plaintiff. The first revised complaint was filed on June 5, 2001. On April 11, 2002, the defendant moved to strike the plaintiffs revised complaint in its entirety on the ground that it fails to state a claim upon which relief may be granted.
The plaintiff alleges the following. The defendant owns property located on the southeasterly side of Norwich-New London Road in the town of Montville, and entered into a contract with Burkhard Construction (Burkhard), wherein Burkhard agreed to act as the general contractor for construction work on the defendant's premises. Burkhard thereafter entered into a subcontract with Migi Construction (Migi),[1] to perform construction work related to the requirements of the contract between the defendant and Burkhard. Migi entered into agreements with locals of the United Brotherhood of Carpenters and Joiners of America, in which Migi agreed to provide compensation to its carpenter employees in the form of hourly wages and a contribution to the employee benefit fund. The carpenter employees performed construction work on the premises from August 24, 1999 through November 30, 1999, but did not receive the contribution to the benefit fund. The plaintiff thereafter recorded a mechanic's lien against the defendant's property in the Montville land records and now seeks foreclosure.
In its September 5, 2001 decision on the defendant's first motion to strike the complaint, this court stated that while the plaintiff is not required to allege a direct contractual relationship in an action to foreclose a mechanic's lien, the plaintiff is required to allege that a "relationship existed between the [defendant and itself] with respect to CT Page 13100 the employee benefit funds." Connecticut Carpenters Benefit Funds v.Burkhard Hotel Partners II, LLC, Superior Court, judicial district of New London at Norwich, Docket No. CV 01 0122084 (January 31, 2002, Martin,J.) (31 Conn.L.Rptr. 312, 313-14). Additionally, because "the mechanic's lien statute does not extend to a factual situation where an employee fund, other than a general contractor or subcontractor, is seeking to collect unpaid employee benefits from an owner of premises who has not consented to or agreed to make such payments. . . . [t]he mechanic's lien statute is inapplicable to the facts of this case." Id.
The revised complaint contains no allegations that the defendant failed to make payments for services or materials for the work performed by the employees on its premises. There are no allegations that the defendant knew of the agreement between Migi and United Brotherhood, agreed to make the contribution in return for work performed on its premises or authorized Burkhard to agree to make payments to the fund. The plaintiff, therefore, has not sufficiently repleaded facts to support a cause of action against the defendant.
For all of the reasons stated herein, the motion to strike the complaint is granted.
Martin, J.